KAIWEN TSENG (SBN 193756)
ktseng@ftklaw.com
QUDUS B. OLANIRAN (SBN 267838)
qolaniran@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Plaintiff,
CATCH A WAVE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATCH A WAVE TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC.,<br><br>Defendant. | Case No. 3:12-cv-05791-WHA<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Catch a Wave Technologies, Inc. ("CAWT") hereby brings this action against Defendant Sirius XM Radio Inc. ("SiriusXM") for infringement of United States Patent No. 7,177,608 ("the '608 patent") and alleges as follows:

**NATURE OF THE ACTION AND PARTIES**

1. This is an action for patent infringement arising under the patent laws of the United States.

2. CAWT is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Hayward, California.

3. SiriusXM is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

/ / /

## JURISDICTION

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is an action arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

5. SiriusXM is subject to personal jurisdiction in this district because the SiriusXM has conducted and continues to conduct business within this judicial district. Upon information and belief, SiriusXM, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products in the United States and the State of California. SiriusXM has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased or used within this judicial district. Moreover, SiriusXM has committed the tort of patent infringement within the State of California and within this judicial district.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391 (d), and 1400(b) because SiriusXM transacts business within this district and offers for sale in this district products that infringe the ’608 patent. In addition, venue is proper because CAWT’s principal place of business is in this district and CAWT suffered harm in this district.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,177,608

8. CAWT realleges and incorporates by reference the allegations of paragraphs 1-7.

9. The ’608 patent is entitled “PERSONAL SPECTRUM RECORDER.” The application that issued as the ’608 patent was filed on March 10, 2003, and the United States Patent and Trademark Office duly and legally issued the ’608 patent on February 13, 2007. A true and correct copy of the ’608 patent is attached hereto as Exhibit A.

10. CAWT owns all right, title, and interest in the ’608 patent, and has owned all right, title, and interest throughout the period of the infringement complained of herein.

/ / /

11. SiriusXM makes or has made, uses, offers to sell, sells, distributes, supplies, provides and/or imports into the United States XMp3, XMp3i, and SiriusXM Lynx products that directly infringe at least claim 1 of the ’608 patent either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

CAWT prays for relief as follows:

1. Judgment that SiriusXM has infringed the ’608 patent as alleged herein;

2. Compensatory damages in an amount according to proof, and in no event less than a reasonable royalty;

3. Prejudgment interest on the compensatory damages awarded to CAWT;

4. Post-judgment interest on all sums awarded to CAWT from the date of judgment;

5. A preliminary and permanent injunction forbidding SiriusXM and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, from further infringing the ’608 patent;

6. Costs of suit incurred herein; and

7. Any and all other relief that the Court deems just and equitable.

Dated: January 24, 2013

FREITAS TSENG & KAUFMAN LLP

*/s/ Qudus B. Olaniran*
Kaiwen Tseng
Qudus B. Olaniran
Attorneys for Plaintiff,
CATCH A WAVE
TECHNOLOGIES, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CAWT demands a jury trial for all issues so triable.

Dated: January 24, 2013

FREITAS TSENG & KAUFMAN LLP

*/s/ Qudus B. Olaniran*
Kaiwen Tseng
Qudus B. Olaniran
Attorneys for Plaintiff,
CATCH A WAVE TECHNOLOGIES, INC.