PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Defendant*
SIRIUS XM RADIO INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CATCH A WAVE TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 3:12-CV-05791-WHA<br><br>**DEFENDANT SIRIUS XM RADIO INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**SIRIUS XM RADIO INC.'S ANSWER**
**TO THE FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Sirius XM Radio Inc. ("Sirius XM") files its Answer ("Answer") to the Plaintiff Catch A Wave Technologies. Inc.'s ("Plaintiff") First Amended Complaint for Patent Infringement ("Complaint") admitting those facts specifically admitted below and denying all others averred in the Complaint, and states as follows:

## NATURE OF THE ACTION AND PARTIES

1. Sirius XM admits that Plaintiff purports to assert a claim for patent infringement arising under the laws of the United States.

2. Sirius XM lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 2 of the Complaint and, therefore, denies those allegations.

3. Sirius XM admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

## JURISDICTION

4. Sirius XM admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338.

5. Sirius XM does not contest that this Court has personal jurisdiction over Sirius XM in this action. Sirius XM further admits that it conducts business in this District and regularly solicits business from, does business with, and derives revenue from goods and services provided to customers in this District. Sirius XM denies all other allegations contained within Paragraph 5 of the Complaint.

## VENUE

6. Sirius XM does not contest that venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Sirius XM denies all other allegations contained within Paragraph 6 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

7. Sirius XM admits that Intellectual Property Action are assigned on a district-wide basis pursuant to Local Rule 3-2(c).

**COUNT ONE:**
**INFRINGEMENT OF U.S. PATENT NO. 7,177,608**

8. Sirius XM reincorporates by reference its responses contained within Paragraphs 1-7 of this Answer as if fully set forth herein.

9. Sirius XM admits that U.S. Patent No. 7,177,608 (“the asserted patent” or “the ‘608 patent”) is entitled “PERSONAL SPECTRUM RECORDER,” bears a filing date of March 10, 2003, and bears an issue date of February 13, 2007. Sirius XM denies all other allegations contained within Paragraph 9 of the Complaint.

10. Sirius XM lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. Sirius XM denies the allegations contained within Paragraph 11 of the Complaint.

**DEFENSES**

**FIRST DEFENSE**

1. Plaintiff fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. Sirius XM has not infringed, and is not infringing, any valid claim of the asserted patent.

**THIRD DEFENSE**

3. The claims of the asserted patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**

4. Plaintiff's claims are barred in whole, or in part, by the doctrine of prosecution history estoppel.

**FIFTH DEFENSE**

5. Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, laches, and/or estoppel.

**SIXTH DEFENSE**

6. Plaintiff is barred in whole, or in part, from recovering damages pursuant to 35 U.S.C. §§ 286- 287.

**SEVENTH DEFENSE**

7. Plaintiff is barred from recovery of costs pursuant to 35 U.S.C. § 288.

**EIGHTH DEFENSE**

8. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

9. Sirius XM reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigations in this case.

**COUNTERCLAIMS**

1. Sirius XM asserts the following Counterclaims against Catch A Wave Technologies, Inc. ("Counter-Defendant"):

**PARTIES**

2. Sirius XM is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1221 Avenue of the Americas, New York, New York 10020. Sirius XM provides, *inter alia*, satellite radio services that broadcast over one hundred and thirty channels of entertainment in the continental United States.

3. On information and belief, Counter-Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at Hayward, California.

**JURISDICION AND VENUE**

4. These Counterclaims arise under the United States Patent Laws, 35 U.S.C. §§ 101 *et seq*. These Counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Counter-Defendant because, *inter alia*, in filing the Complaint, Counter-Defendant has submitted to the jurisdiction of the Court.

6. Venue is satisfied over these Counterclaims because, *inter alia*, Counter-Defendant has sought the benefit of this forum for this litigation.

7. An actual and justiciable controversy exists between Sirius XM and Counter-Defendant with respect to the non-infringement and invalidity of the claims of the asserted patent in view of the allegations contained in the Complaint and Sirius XM's Answer thereto.

**COUNT ONE:**
**DECLARATION OF NON-INFRINGEMENT OF THE '608 PATENT**

8. Sirius XM realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 7 of its Counterclaims as if fully set forth herein.

9. Sirius XM has not infringed and is not infringing any claims of the asserted patent either literally or under the doctrine of equivalents.

10. Sirius XM is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that it has not infringed, and is not infringing, any claims of the asserted patent.

**COUNT TWO:**
**DECLARATION OF INVALIDITY OF THE ’608 PATENT**

11. Sirius XM realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 10 of its Counterclaims as if fully set forth herein.

12. The claims of the asserted patent are invalid for failure to comply with the conditions and requirements for patentability under the patent laws of the United States, Title 35 U.S.C. § 101 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Sirius XM is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 that each and every claim of the asserted patent is invalid.

**SIRIUS XM’S PRAYER FOR RELIEF**

WHEREFORE Sirius XM prays that the Court:

A) Deny all of Counter-Defendant’s claims and enter judgment that Counter-Defendant take nothing by reason of its Complaint;

B) Dismiss the Complaint against Sirius XM with prejudice;

C) Declare that Sirius XM does not infringe any claim of the asserted patent;

D) Declare that each and every claim of the asserted patent is invalid;

E) Declare that Counter-Defendant is precluded from seeking any recovery for alleged damages prior to the filing of this action because Counter-Defendant has not complied with the requirements of 35 U.S.C. § 287;

F) Declare that Counter-Defendant is precluded from seeking injunctive relief because any injury to Counter-Defendant is neither immediate nor irreparable, and Counter-Defendant has adequate remedies at law for any claims it can prove;

G) Declare that this case is exceptional pursuant to 35 U.S.C. §285 and award Sirius XM its attorney fees, expenses, and costs for this action; and

H) Award Sirius XM such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Dated: February 7, 2013

By: /s/ Lisa Kobialka

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Defendant*
Sirius XM Radio Inc.

**DEMAND FOR JURY TRIAL**

Sirius XM hereby demands a jury trial on all issues in its Counterclaims so triable.

Respectfully submitted,

Dated: February 7, 2013

By: */s/ Lisa Kobialka*

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Defendant*
Sirius XM Radio Inc.