IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CATCH A WAVE, INC.,

    Plaintiff,

  v.

SIRIUS XM RADIO, INC.,

    Defendant.

No. C 12-05791 WHA

**ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING**

## INTRODUCTION

In this patent-infringement action, plaintiff moves to strike several of defendant's affirmative defenses. To the extent below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. The hearing on May 16, 2013, is **VACATED**.

## STATEMENT

Plaintiff Catch a Wave, Incorporated is a Delaware corporation, as is defendant Sirius XM, Incorporated. Plaintiff alleges that it owns U.S. Patent No. 7,177,608 and that defendant "makes or has made, uses, offers to sell, sells, distributes, supplies, provides and/or imports into the United States" various products that directly infringe plaintiff's patent (First Amd. Compl. ¶ 11). In January 2013, plaintiff filed its first amended complaint. Defendant filed an amended answer after plaintiff moved to dismiss. Plaintiff withdrew its original motion to strike and now moves to strike the affirmative defenses raised in defendant's amended answer.

In its opposition, defendant argues that plaintiff has "[n]o [r]ight" to challenge defendant's affirmative defenses (Opp., Dkt. No. 38, at 11). This order disagrees.

1  Defendant primarily bases its argument on a series of communications before it filed its first
2  amended answer:  Because it sent plaintiff a draft of what it intended to file as its first amended
3  answer, and plaintiff did not expressly object to the draft, plaintiff supposedly waived the right
4  to challenge it.  Defendant's argument is destroyed by one of its own exhibits.  In the email
5  chain defendant appended to its opposition, plaintiff's counsel informed his counterpart that
6  "[plaintiff] reserves the right to renew its motion [to strike] with respect to [defendant's]
7  planned [amended answer]" (Opp. Exh. 1).  Plaintiff cannot have waived what it explicitly
8  reserved.  Furthermore, this order reminds defendant that courts can strike affirmative defenses
9  *sua sponte*.  *See* FRCP 12(f)(1).  This order now turns to analyze plaintiff's motion.

**ANALYSIS**

**1.  LEGAL STANDARD.**

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FRCP 12(f).  While our court of appeals has not yet addressed whether the *Iqbal* and *Twombly* standard applies to affirmative defenses, a previous order from the undersigned judge acknowledged that, "[w]ithin this district . . . there is widespread agreement" that it does.  *PageMelding, Inc. v. ESPN, Inc.*, 11-6263, 2012 WL 3877686 at *1 (N.D. Cal. Sept. 6, 2012) (citations omitted).

A plaintiff's complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A facially plausible claim will specify sufficient factual allegations from which reasonable inferences establishing the defendant's liability can be drawn.  *Ibid.*  While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

Therefore, after applying the same *Iqbal* and *Twombly* standard to affirmative defenses, if a defendant pleaded "affirmative defenses [which] include only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has

insufficiently [pleaded] these defenses**."** *Powertech Tech., Inc. v. Tessara, Inc.*, 10-0945, 2012 WL 1746848 at *5 (N.D. Cal. May 16, 2012) (Judge Claudia Wilken).

### 2. DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE IS NOT ADEQUATELY PLEADED.

#### A. Laches.

"[T]o invoke the laches defense" in a patent infringement action,

> [A] defendant has the burden to prove two factors:
>
> 1. the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and
>
> 2. the delay operated to the prejudice or injury of the defendant.

*A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (citations omitted). "The length of time which may be deemed unreasonable has no fixed boundaries but rather depends on the circumstances," and there must be some material prejudice as a result of plaintiff's delay, be it "economic or evidentiary." *Ibid.*

Defendant's relevant pleading regarding its affirmative defense of laches, waiver, and estoppel reads:

> Plaintiff delayed filing suit against Sirius XM for an unreasonable and inexcusable length of time. On information and belief, Plaintiff knew of the allegedly infringing activity by Sirius XM and/or its predecessors for a number of years prior to Plaintiff's filing of the present lawsuit. Despite this knowledge, Plaintiff waited until November 9, 2012 before filing the present lawsuit even though the Asserted Patent issued on February 13, 2007. This five year delay has caused Sirius XM to suffer material prejudice, including potential economic and evidentiary harm.

(First Amd. Answer, at 5–6). This is too conclusory. Here, defendant just parrots the elements of the affirmative defense; instead, it should have pled *what* information leads it to believe that plaintiff knew of the allegedly infringing activity for a number of years or *how* the alleged delay caused defendant economic and evidentiary harm. *See A.C. Auckerman*, 960 F.2d at 1033. For example, evidentiary prejudices could include "defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events," and economic prejudices could include "a *change* in the

3

economic position of the alleged infringer during the period of delay." *Ibid.* (emphasis in original).

### B. Waiver.

Nor has waiver been properly pled. "Waiver is the *intentional* relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Entm't*, 843 F.2d 394, 399 (9th Cir. 1988) (citation omitted) (emphasis added). Defendant makes no attempt to explain how or when plaintiff intentionally relinquished any known right.

### C. Estoppel.

As for estoppel, our court of appeals has held that there are four necessary elements:

> [1] the party to be estopped must know the facts;
>
> [2] he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;
>
> [3] the latter must be ignorant of the true facts; and
>
> [4] he must rely on the former's conduct to his injury.

*King Features Entm't*, 843 F.2d at 399 (citation omitted). As with laches and waiver, defendant does not provide any properly pleaded allegations in support nor does it even plead all of the aforementioned elements. Plaintiff's original motion to strike defendant's affirmative defenses of laches, waiver, and estoppel was nearly identical to the instant motion. Therefore, defendant had notice of the potential defects that it might have needed to cure, then filed a first amended answer and an opposition to this new motion to strike. Yet defendant still fails to properly assert these affirmative defenses. Defendant cannot simply allege affirmative defense without providing factual bases for them or pleading their necessary elements. Defendant's fifth affirmative defense is **STRICKEN.**

### 3. DEFENDANT'S SIXTH "AFFIRMATIVE DEFENSE" IS NOT ACTUALLY AN AFFIRMATIVE DEFENSE.

Defendant raises 35 U.S.C. 286 and 287 as two halves of his sixth affirmative defense. "35 U.S.C. § 287 advises a patent owner to mark his patented article with a notice of his patent rights. Failure to do so limits his recovery of damages to the period after the infringer receives

4

notice of the infringement." *Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984). Section 286 limits a plaintiff's recovery "for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. 286.

*Motorola* reasoned that because 35 U.S.C. 287 was a limit on damages, it could not be characterized as a defense the government might make use of in a 28 U.S.C. 1498 action. 729 F.2d at 769–71. In an unpublished decision, *Bradford Co. v. Jefferson Smurfit Corp.* reasoned that 35 U.S.C. 286 "is not a 'defense' in the traditional sense of the word, as the statute does not bar a cause of action for infringement; [and] merely limits the time frame for which damages can be incurred." No. 2000-1511, 2001 WL 35738792 at *9 (Fed. Cir. Oct. 31, 2001). The decision cited *Motorola* and 35 U.S.C. 287 as an "illustrat[ion] that a limitation on damages is not a statutory defense that must be pleaded, [and therefore,] not an affirmative defense." *Id.* at *10.

In light of *Motorola*, defendant's sixth affirmative defense as to 35 U.S.C. 287 only is **STRICKEN**. *Bradford*, however, is a non-binding decision. In the judgment of this Court, defendant's sixth affirmative defense as to 35 U.S.C. 286 should not be stricken because it follows FRCP 8's mandate that "a party must affirmatively state any *avoidance* or affirmative defense." FRCP 8(c) (emphasis added). Through 35 U.S.C. 286, defendant may be able to avoid liability on any alleged infringement committed more than six years prior to the filing of the complaint. Therefore, this Court declines to strike defendant's sixth affirmative defense as to 35 U.S.C. 286**.** Defendant may raise the 35 U.S.C. 287 issue at a later time through properly made motions.

### 4. DEFENDANT'S SEVENTH AND EIGHTH "AFFIRMATIVE DEFENSES" ARE JUST DENIALS OF LIABILITY.

Defendant pleads 35 U.S.C. 285 as its seventh affirmative defense. 35 U.S.C. 285 is not an affirmative defense. In its entirety, the statute states, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. 285. Defendant then alleges that "[p]laintiff cannot prove that Sirius XM infringed any valid claim of the asserted patent" (First Amd. Answer, at 6). This is redundant — defendant has already denied liability. "It is

5

plaintiff's burden to prove that he has suffered damages. If plaintiff fails to do so, plaintiff will lose the claim and an affirmative defense to that effect is unnecessary." *E.E.O.C. v. Interstate Hotels, L.L.C.*, No. 04-4092, 2005 WL 885604 at *4 (N.D. Cal. Apr. 14, 2005). The point of an affirmative defense "is to set forth new matter beyond the minimum plaintiff must prove," and stating that plaintiff will not be able to do so is a denial, not an affirmative defense. *Ibid*. It is premature for this order to rule on attorney's fees at this time, and defendant may raise the issue later through a properly filed motion. Defendant's seventh affirmative defense is **STRICKEN**.

Finally, for its eighth affirmative defense, defendant alleges that "[p]laintiff is not entitled to injunctive relief because Plaintiff has not suffered any immediate or irreparable injury, and Plaintiff has an adequate remedy at law to the extent it can prove any of its claims" (First Amd. Answer, at 6–7). Again, this is not an affirmative defense because it is simply a thinly masked reiteration that defendant denies liability. Defendant's eighth affirmative defense is redundant and is therefore **STRICKEN**. As with the attorney's fees, if defendant so chooses, it may raise the issues it described in its opposition to an injunction at some other time through a properly filed motion.

## CONCLUSION

To the extent above, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendant's fifth, seventh, and eighth affirmative defenses are **STRICKEN**. Defendant's sixth affirmative defense as to 35 U.S.C. 287 *only* is **STRICKEN**. The hearing on May 16, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE