1
2
3
4
5                IN THE UNITED STATES DISTRICT COURT
6
7           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9 CATCH A WAVE, INC.,
10            Plaintiff,              No. C 12-05791 WHA
11   v.
12                         **ORDER GRANTING IN PART MOTION**
   SIRIUS XM RADIO, INC.,             **TO STRIKE AFFIRMATIVE**
13                         **DEFENSES AND VACATING HEARING**
           Defendant.
14 _____/

**United States District Court**
**For the Northern District of California**

15                      **INTRODUCTION**
16       In this patent-infringement action, plaintiff moves to strike several of defendant's
17 affirmative defenses.  To the extent below, plaintiff's motion is **GRANTED IN PART AND DENIED**
18 **IN PART**.  The hearing on May 16, 2013, is **VACATED**.
19                      **STATEMENT**
20       Plaintiff Catch a Wave, Incorporated is a Delaware corporation, as is defendant Sirius
21 XM, Incorporated.  Plaintiff alleges that it owns U.S. Patent No. 7,177,608 and that defendant
22 "makes or has made, uses, offers to sell, sells, distributes, supplies, provides and/or imports into
23 the United States" various products that directly infringe plaintiff's patent (First Amd. Compl.
24 ¶ 11).  In January 2013, plaintiff filed its first amended complaint.  Defendant filed an amended
25 answer after plaintiff moved to dismiss.  Plaintiff withdrew its original motion to strike and now
26 moves to strike the affirmative defenses raised in defendant's amended answer.
27       In its opposition, defendant argues that plaintiff has "[n]o [r]ight" to challenge
28 defendant's affirmative defenses (Opp., Dkt. No. 38, at 11).  This order disagrees.

**United States District Court**
For the Northern District of California

1    Defendant primarily bases its argument on a series of communications before it filed its first

2    amended answer:  Because it sent plaintiff a draft of what it intended to file as its first amended

3    answer, and plaintiff did not expressly object to the draft, plaintiff supposedly waived the right

4    to challenge it.  Defendant's argument is destroyed by one of its own exhibits.  In the email

5    chain defendant appended to its opposition, plaintiff's counsel informed his counterpart that

6    "[plaintiff] reserves the right to renew its motion [to strike] with respect to [defendant's]

7    planned [amended answer]" (Opp. Exh. 1).  Plaintiff cannot have waived what it explicitly

8    reserved.  Furthermore, this order reminds defendant that courts can strike affirmative defenses

9    *sua sponte*.  *See* FRCP 12(f)(1).  This order now turns to analyze plaintiff's motion.

**ANALYSIS**

11        **1.    LEGAL STANDARD.**

12        Courts "may strike from a pleading an insufficient defense or any redundant, immaterial,

13   impertinent, or scandalous matter."  FRCP 12(f).  While our court of appeals has not yet

14   addressed whether the *Iqbal* and *Twombly* standard applies to affirmative defenses, a previous

15   order from the undersigned judge acknowledged that, "[w]ithin this district . . . there is

16   widespread agreement" that it does.  *PageMelding, Inc. v. ESPN, Inc.*, 11-6263, 2012

17   WL 3877686 at *1 (N.D. Cal. Sept. 6, 2012) (citations omitted).

18        A plaintiff's complaint must contain sufficient factual matter that, if accepted as true,

19   states a claim for relief plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20   A facially plausible claim will specify sufficient factual allegations from which reasonable

21   inferences establishing the defendant's liability can be drawn.  *Ibid.*  While a court "must take

22   all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal

23   conclusion couched as a factual allegation."  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*,

24   550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

25        Therefore, after applying the same *Iqbal* and *Twombly* standard to affirmative defenses,

26   if a defendant pleaded "affirmative defenses [which] include only conclusory allegations,

27   without providing any information about the grounds upon which the defenses rest, it has

28

United States District Court

For the Northern District of California

1   insufficiently [pleaded] these defenses**.**" *Powertech Tech., Inc. v. Tessara, Inc.*, 10-0945, 2012

2   WL 1746848 at *5 (N.D. Cal. May 16, 2012) (Judge Claudia Wilken).

3       **2.      DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE
                  IS NOT ADEQUATELY PLEADED**.

4       **A.      Laches.**

5   "[T]o invoke the laches defense" in a patent infringement action,

6           [A] defendant has the burden to prove two factors:

7           1.  the plaintiff delayed filing suit for an unreasonable and
                inexcusable length of time from the time the plaintiff knew or
8               reasonably should have known of its claim against the defendant,
                and

9

10          2.  the delay operated to the prejudice or injury of the defendant.

11  *A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (citations

12  omitted).  "The length of time which may be deemed unreasonable has no fixed boundaries but

13  rather depends on the circumstances," and there must be some material prejudice as a result of

14  plaintiff's delay, be it "economic or evidentiary."  *Ibid.*

15          Defendant's relevant pleading regarding its affirmative defense of laches, waiver, and

16  estoppel reads:

17          Plaintiff delayed filing suit against Sirius XM for an unreasonable
            and inexcusable length of time.  On information and belief,
18          Plaintiff knew of the allegedly infringing activity by Sirius XM
            and/or its predecessors for a number of years prior to Plaintiff's
19          filing of the present lawsuit.  Despite this knowledge, Plaintiff
            waited until November 9, 2012 before filing the present lawsuit
20          even though the Asserted Patent issued on February 13, 2007.
            This five year delay has caused Sirius XM to suffer material
21          prejudice, including potential economic and evidentiary harm.

22  (First Amd. Answer, at 5–6).  This is too conclusory.  Here, defendant just parrots the elements

23  of the affirmative defense; instead, it should have pled *what* information leads it to believe that

24  plaintiff knew of the allegedly infringing activity for a number of years or *how* the alleged delay

25  caused defendant economic and evidentiary harm.  *See A.C. Auckerman*, 960 F.2d at 1033.

26  For example, evidentiary prejudices could include "defendant's inability to present a full and

27  fair defense on the merits due to the loss of records, the death of a witness, or the unreliability

28  of memories of long past events," and economic prejudices could include "a *change* in the

3

United States District Court

For the Northern District of California

1    economic position of the alleged infringer during the period of delay." *Ibid.* (emphasis in

2    original).

3                    **B.**    **Waiver.**

4        Nor has waiver been properly pled.  "Waiver is the *intentional* relinquishment of a

5    known right with knowledge of its existence and the intent to relinquish it."  *United States v.*

6    *King Features Entm't*, 843 F.2d 394, 399 (9th Cir. 1988) (citation omitted) (emphasis added).

7    Defendant makes no attempt to explain how or when plaintiff intentionally relinquished any

8    known right.

9                    **C.**    **Estoppel.**

10       As for estoppel, our court of appeals has held that there are four necessary elements:

11               [1] the party to be estopped must know the facts;

12               [2] he must intend that his conduct shall be acted on or must so act
                 that the party asserting the estoppel has a right to believe it is so
13               intended;

14               [3] the latter must be ignorant of the true facts; and

15               [4] he must rely on the former's conduct to his injury.

16   *King Features Entm't*, 843 F.2d at 399 (citation omitted).  As with laches and waiver, defendant

17   does not provide any properly pleaded allegations in support nor does it even plead all of the

18   aforementioned elements.  Plaintiff's original motion to strike defendant's affirmative defenses

19   of laches, waiver, and estoppel was nearly identical to the instant motion.  Therefore, defendant

20   had notice of the potential defects that it might have needed to cure, then filed a first amended

21   answer and an opposition to this new motion to strike.  Yet defendant still fails to properly assert

22   these affirmative defenses.  Defendant cannot simply allege affirmative defense without

23   providing factual bases for them or pleading their necessary elements.  Defendant's fifth

24   affirmative defense is **STRICKEN.**

25               **3.**    **DEFENDANT'S SIXTH "AFFIRMATIVE DEFENSE"**
                         **IS NOT ACTUALLY AN AFFIRMATIVE DEFENSE.**

26

27       Defendant raises 35 U.S.C. 286 and 287 as two halves of his sixth affirmative defense.

28   "35 U.S.C. § 287 advises a patent owner to mark his patented article with a notice of his patent

     rights.  Failure to do so limits his recovery of damages to the period after the infringer receives

United States District Court
For the Northern District of California

1    notice of the infringement." *Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984).

2    Section 286 limits a plaintiff's recovery "for any infringement committed more than six years

3    prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C.

4    286.

5    　　　*Motorola* reasoned that because 35 U.S.C. 287 was a limit on damages, it could not be

6    characterized as a defense the government might make use of in a 28 U.S.C. 1498 action.

7    729 F.2d at 769–71. In an unpublished decision, *Bradford Co. v. Jefferson Smurfit Corp.*

8    reasoned that 35 U.S.C. 286 "is not a 'defense' in the traditional sense of the word, as the statute

9    does not bar a cause of action for infringement; [and] merely limits the time frame for which

10    damages can be incurred." No. 2000-1511, 2001 WL 35738792 at *9 (Fed. Cir. Oct. 31, 2001).

11    The decision cited *Motorola* and 35 U.S.C. 287 as an "illustrat[ion] that a limitation on damages

12    is not a statutory defense that must be pleaded, [and therefore,] not an affirmative defense." *Id.*

13    at *10.

14    　　　In light of *Motorola*, defendant's sixth affirmative defense as to 35 U.S.C. 287 only

15    is **STRICKEN**. *Bradford*, however, is a non-binding decision. In the judgment of this Court,

16    defendant's sixth affirmative defense as to 35 U.S.C. 286 should not be stricken because it

17    follows FRCP 8's mandate that "a party must affirmatively state any *avoidance* or affirmative

18    defense." FRCP 8(c) (emphasis added). Through 35 U.S.C. 286, defendant may be able to

19    avoid liability on any alleged infringement committed more than six years prior to the filing of

20    the complaint. Therefore, this Court declines to strike defendant's sixth affirmative defense as

21    to 35 U.S.C. 286. Defendant may raise the 35 U.S.C. 287 issue at a later time through properly

22    made motions.

23    　　　**4.    DEFENDANT'S SEVENTH AND EIGHTH "AFFIRMATIVE DEFENSES"
24    　　　　　　　　ARE JUST DENIALS OF LIABILITY.**

25    　　　Defendant pleads 35 U.S.C. 285 as its seventh affirmative defense. 35 U.S.C. 285 is not

26    an affirmative defense. In its entirety, the statute states, "[t]he court in exceptional cases may

27    award reasonable attorney fees to the prevailing party." 35 U.S.C. 285. Defendant then alleges

28    that "[p]laintiff cannot prove that Sirius XM infringed any valid claim of the asserted patent"

(First Amd. Answer, at 6). This is redundant — defendant has already denied liability. "It is

United States District Court

For the Northern District of California

1    plaintiff's burden to prove that he has suffered damages.  If plaintiff fails to do so, plaintiff will

2    lose the claim and an affirmative defense to that effect is unnecessary." *E.E.O.C. v. Interstate*

3    *Hotels, L.L.C.*, No. 04-4092, 2005 WL 885604 at *4 (N.D. Cal. Apr. 14, 2005).  The point of

4    an affirmative defense "is to set forth new matter beyond the minimum plaintiff must prove,"

5    and stating that plaintiff will not be able to do so is a denial, not an affirmative defense.  *Ibid*.

6    It is premature for this order to rule on attorney's fees at this time, and defendant may raise

7    the issue later through a properly filed motion.  Defendant's seventh affirmative defense is

8    **STRICKEN**.

9         Finally, for its eighth affirmative defense, defendant alleges that "[p]laintiff is not entitled

10   to injunctive relief because Plaintiff has not suffered any immediate or irreparable injury, and

11   Plaintiff has an adequate remedy at law to the extent it can prove any of its claims" (First Amd.

12   Answer, at 6–7).  Again, this is not an affirmative defense because it is simply a thinly masked

13   reiteration that defendant denies liability.  Defendant's eighth affirmative defense is redundant

14   and is therefore **STRICKEN**.  As with the attorney's fees, if defendant so chooses, it may raise the

15   issues it described in its opposition to an injunction at some other time through a properly filed

16   motion.

17                                      **CONCLUSION**

18        To the extent above, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

19   Defendant's fifth, seventh, and eighth affirmative defenses are **STRICKEN**.  Defendant's sixth

20   affirmative defense as to 35 U.S.C. 287 *only* is **STRICKEN**.  The hearing on May 16, 2013, is

21   **VACATED**.

22

23        **IT IS SO ORDERED.**

24

25   Dated:  May 10, 2013.

26                                                   _____
                                                     WILLIAM ALSUP
27                                                   UNITED STATES DISTRICT JUDGE

28

6