1
ROBERT E. FREITAS (SBN 80948)
rfreitas@ftklaw.com
2
KAIWEN TSENG (SBN 193756)
ktseng@ftklaw.com
3
QUDUS B. OLANIRAN (SBN 267838)
qolaniran@ftklaw.com
4
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
5
Redwood Shores, California 94065
Telephone:     (650) 593-6300
6
Facsimile:      (650) 593-6301

7
Attorneys for Plaintiff
CATCH A WAVE TECHNOLOGIES, INC.
8

9
PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
10
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
11
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
12
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
13
Menlo Park, CA 94025
Telephone: (650) 752-1700
14
Facsimile: (650) 752-1800

15
*Attorneys for Defendant*
SIRIUS XM RADIO INC.
16

17
UNITED STATES DISTRICT COURT

18
NORTHERN DISTRICT OF CALIFORNIA

19
SAN FRANCISCO DIVISION

20
CATCH A WAVE TECHNOLOGIES,
INC.,
21
                                              Case No.  3:12-cv-05791-WHA

22
              Plaintiff,                       **JOINT STIPULATION REGARDING
                                              DISCOVERY AND CASE SCHEDULE
                                              AND [~~PROPOSED~~] ORDER**
23
       v.

24
SIRIUS XM RADIO INC.,
                                              **DEMAND FOR JURY TRIAL**
25
              Defendant.

26

27

28

1
2
3

Pursuant to the Case Management Conference held on February 14, 2013, the parties to the above-titled action jointly submit this Joint Stipulation Regarding Discovery and Case Schedule.

4

**1.        Discovery**

5
6

The following limitations and guidelines on discovery under the Federal Rules of Civil Procedure and the local rules will govern this case:

7
8

(a)      Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

9

The parties exchanged initial disclosures pursuant to Rule 26(a)(1) on February 21, 2013.

10
11

The timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the schedule below.

12
13

(b)      Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

14
15
16
17

The parties agree that documents will be produced in single-page TIFF format with full-text extraction and Ringtail load files, Concordance load files or similar files.  If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file.

18
19
20
21
22
23

If it is impracticable to produce a document in TIFF format, the producing party has the option of producing such document in native format.  Native files need not be produced absent a showing of good cause.  To the extent a receiving party identifies other files (for example, MS-Excel spreadsheets and MS-Access databases) from the TIFF production set for which data manipulation or analysis may be necessary, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of those files.

24
25
26

(c)      Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.

27
28

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the

JOINT STIPULATION RE DISCOVERY STATEMENT
CASE NO.  3:12-CV-05791-WHA

1   filing date of this litigation. Subject to the foregoing, issues relating to claims of privilege or of

2   protection as trial-preparation material shall be addressed as provided in the Federal Rules of

3   Civil Procedure and as provided in the protective order to be entered.

4             (d)      Changes that should be made in the limitations on discovery imposed
                       under these rules or by local rule, and what other limitations should be
5                      imposed.

6                              A.    Interrogatories

7   The parties agree that each side may propound 25 interrogatories.

8                              B.    Request for Admissions

9   Excluding requests for admission for purposes of authentication, the parties agree that each

10  side may propound 50 requests for admission. Notwithstanding the foregoing, there is no limitation

11  on the number of requests for admission that a document: (i) is authentic; (ii) is a business record; or

12  (iii) otherwise meets a condition of admissibility into evidence.

13                             C.    Requests for Production of Documents and Things

14  Pursuant to the Court's Order, each side may propound 50 requests for production of

15  documents and things.

16                             D.    Depositions

17  The parties agree that each side may have 70 hours of deposition time with a maximum of

18  ten depositions ("the deposition limit"). Depositions will not last longer than 7 hours on the

19  record per day unless agreed to by the parties.

20  Both individual depositions and depositions pursuant to F.R.C.P. 30(b)(6) count against

21  the deposition limit. Expert and third-party depositions do not count against the deposition limit.

22  Individual Depositions:

23  The parties agree that individual depositions are limited to 7 hours of deposition time,

24  except for the inventors who may be deposed up to 14 hours on two consecutive days if

25  necessary.

26  Individual depositions requiring an interpreter are limited to 14 hours of deposition time

27  and will be conducted on two consecutive days. Individual depositions requiring an interpreter

28  count as half time against the deposition limit.

<u>Fed. R. Civ. P. 30(b)(6) Depositions:</u>

The parties agree that there is no limit on the number of topics and no limit on the amount of time for deposition pursuant to F.R.C.P. 30(b)(6) as long as the deposition limit has not been met.  There is no requirement to separately transcribe a deposition of an individual who also testifies pursuant to F.R.C.P. 30(b)(6).  Depositions pursuant to F.R.C.P. 30(b)(6) requiring an interpreter count as half time against the deposition limit.

<u>Third Party Depositions:</u>

The parties agree that each side is limited to 70 hours of deposition time for third party depositions.

<u>Expert Depositions:</u>

The parties agree that depositions of experts are limited to 7 hours of deposition time for each subject matter opinion submitted by the expert, such as infringement, invalidity, unenforceability, and damages.

E.    <u>Protective Order</u>

The parties discussed requesting a protective order during the Rule 26(f) conference and are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California's model.

In the meantime, Patent Local Rule 2-2 will govern the production of confidential information.

F.    <u>Discovery from Experts</u>

The parties agree that neither party need produce communications between counsel and expert witnesses or drafts of expert reports.  However, if the expert relies upon communications with counsel to support his or her opinion, the communication is discoverable.

G.    <u>Service</u>

The parties consent to service via email pursuant to F.R.C.P. 5(b)(2)(E).

/././

/././

/././

2. **Case Schedule**

The following chart provides the schedule for the case:

| Event | Date per rule or order | Dates |
|---|---|---|
| Pat. L.R. 3-3. Invalidity Contentions<br><br>Pat. L.R. 3-4. Document Production Accompanying Invalidity Contentions. | Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | April 15, 2013 |
| Pat. L.R. 4-1. Exchange of Proposed Terms for Construction. | Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | April 29, 2013 |
| Last day to join parties or amend pleadings | Per C.M. Order (D.I. 32). | April 30, 2013 |
| Pat. L.R. 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence. | Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | May 20, 2013 |
| Pat. L.R. 4-3. Joint Claim Construction and Prehearing Statement. | Not later than 60 days after service of the "Invalidity Contentions," | June 14, 2013 |
| Mediation Complete | Per C.M. Order (D.I. 32). | June 28, 2013 |
| Pat. L.R. 4-4. Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, | August 23, 2013 |
| Pat. L.R. 4-5(a). Claim Construction Briefs – opening brief | Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | September 6, 2013 |
| Pat. L.R. 4-5(b). Claim Construction Briefs – responsive brief | Not later than 14 days after service of an opening brief | September 20, 2013 |
| Pat. L.R. 4-5(c). Claim Construction Briefs – reply brief | Not later than 7 days after service of a responsive brief | September 27, 2013 |
| Deadline for producing opinions of counsel per Pat. L.R. 3-8 | Per C.M. Order (D.I. 32). | January 3, 2014 |
| Deadline for disclosing Issues to be Offered for Expert Testimony/Expert Witnesses (FRCP 26(a)(2)(A) & 26(a)(2)(E)). | Per C.M. Order (D.I. 32). | January 3, 2014 |
| Close of fact discovery | Per C.M. Order (D.I. 32). | January 31, 2014 |
| Opening expert reports | Per C.M. Order (D.I. 32). | January 31, 2014 |

| Event | Date per rule or order | Dates |
|---|---|---|
| Opposition expert reports | Per C.M. Order (D.I. 32). | February 14, 2014 |
| Reply expert reports | Per C.M. Order (D.I. 32). | February 21, 2014 |
| Deadline for Dispositive Motions | Per C.M. Order (D.I. 32). | February 27, 2014 |
| Close of expert discovery | Per C.M. Order (D.I. 32). | March 7, 2014 |
| Pretrial Disclosures pursuant to FRCP 26(a)(3) | Per C.M. Order (D.I. 32). | April 18, 2014 |
| Pretrial Conference | Per C.M. Order (D.I. 32). | May 5, 2014 at 2:00 p.m. |
| Trial | Per C.M. Order (D.I. 32). | May 19, 2014 at 7:30 a.m. |

Respectfully submitted,

FREITAS TSENG & KAUFMAN LLP

Dated:   July 26, 2013

By:/s/*Qudus. B. Olaniran*
Robert E. Freitas (SBN 80948)
Kaiwen Tseng (SBN 193756)
Qudus B. Olaniran (SBN 267838)
100 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
rfreitas@ftklaw.com
ktseng@ftklaw.com
qolaniran@ftklaw.com

*Attorneys for Plaintiff,*
CATCH A WAVE TECHNOLOGIES, INC.

Respectfully submitted,

Dated:  July 26, 2013

By:  /s/ *James Hannah*
Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025

1

Telephone: (650) 752-1700
Facsimile: (650) 752-1800

2

*Attorneys for Defendant*
Sirius XM Radio Inc.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE DISCOVERY STATEMENT
CASE NO.  3:12-CV-05791-WHA

1

**[PROPOSED] ORDER**

2

**IT IS ORDERED** that the foregoing Agreement is approved.

3

4

Dated: _____July 29, 2013._____

5

_____

HON. WILLIAM ALSUP

6

UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE DISCOVERY STATEMENT
CASE NO.  3:12-CV-05791-WHA