IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATCH A WAVE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIRIUS XM RADIO, INC., <br><br> Defendant. / | No. C 12-05791 WHA <br><br> **ORDER RE PATENT ACQUISITION BAR** |

The parties to this patent suit dispute whether plaintiff's counsel from Freitas Tseng & Kaufman, LLP should be subject to a "patent acquisition bar." Defendant Sirius XM Radio, Inc. argues that the Freitas attorneys who gain access to Sirius' confidential technical information should be barred from advising any clients in the "acquisition of patents involving satellite radio signal processing for the purpose of asserting them against" Sirius for two years after the conclusion of the litigation, including any appeals (Br. 1). Freitas objects. This order agrees that a patent acquisition bar is warranted.

In modern litigation, the disclosure of confidential, "crown jewel" technology to opposing counsel is a burden to which parties must submit. It is not, however, without consequences. Consistent with widespread practice, the model protective order in this district contains a straightforward clause barring use of disclosed confidential information for non-litigation purposes. As Freitas concedes, this clause already includes *using* such confidential information to advise third parties on the acquisition of patents to assert against the disclosing

party. The patent acquisition bar requested by Sirius adds an additional layer of protection by prohibiting not just disclosure and use, but also advising. It thus prevents attorneys from — inadvertently or otherwise — relying on the confidential information when they advise other parties anticipating litigation against Sirius. This order concludes that such a *quid pro quo* is reasonable.

Freitas argues that a patent acquisition bar would be redundant and unnecessary given the bar on using confidential information. Without impugning the integrity of plaintiff's counsel, an attorney who has learned the intricacies of Sirius' secret technologies will be hard-pressed not to rely on that knowledge in a subsequent suit against Sirius. The two-year patent acquisition bar allows time for the limitations of human memory to run their course or for the information to become largely stale.

Freitas objects that the phrase "satellite radio signal processing" is too vague. This order disagrees. For now, the parties' requests to enter one of the proposed versions of the protective order are **DENIED**. The parties shall meet-and-confer and adopt a mutually agreeable definition of the technological scope of the proposed patent acquisition bar. Both sides shall negotiate promptly and in good faith.

**IT IS SO ORDERED.**

Dated: August 5, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE