IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATCH A WAVE TECHNOLOGIES, INC., | No. C 12-05791 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS TO AMEND INVALIDITY AND INFRINGEMENT CONTENTIONS** |
| SIRIUS XM RADIO, INC., | |
| Defendant. | |

In this patent infringement action, defendant moves to amend its invalidity contentions. Plaintiff moves to amend its infringement contentions and modify the scheduling order. For the reasons stated below, both motions are **DENIED**.

**STATEMENT**

In November 2012, plaintiff Catch a Wave Technologies, Inc. filed this action alleging infringement of United States Patent No. 7,177,608 ("the '608 patent"). In January 2013, the operative first amended complaint was filed alleging infringement of the same patent (Dkt. No. 21). In February 2013, defendant answered and counterclaimed for declaratory judgment of non-infringement and invalidity of the same patent. A later order struck defendant's fifth, seventh, and eighth affirmative defenses and struck the sixth affirmative defense as to 35 U.S.C. 287 only (Dkt. No. 40).

The governing February 2013 case management order set the following schedule: the non-expert discovery cut-off is January 31, 2014, opening expert reports are due January 31,

1  opposition expert reports are due February 14, reply expert reports are due February 21,

2  dispositive motions are due February 27, the expert discovery cutoff is March 7, the final

3  pretrial conference is May 5, and the jury trial begins May 19, 2014.  The order stated that

4  claim construction would be done at summary judgment or at trial (Dkt. No. 32).

5       A July 2013 order approved the parties proposed schedule, including:  invalidity

6  contentions due April 15, 2013, opening claim construction briefs due September 6, responsive

7  claim construction briefs due September 20, and reply claim construction briefs due September

8  27, 2013 (Dkt. No. 46).

9       On December 12, defendant moved to amend its invalidity contentions to add six

10 references (Dkt. No. 65).  Approximately a month later, on January 3, plaintiff moved to

11 amend its infringement contentions to include a newly accused product, the Onyx Plus (Dkt.

12 No. 68).  An expedited briefing schedule was set and both defendant and plaintiff's motions

13 were heard on January 16.

**ANALYSIS**

Patent Local Rule 3-6 states:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
> (a)  A claim construction by the Court different from that proposed by the party seeking amendment;
> (b)  Recent discovery of material, prior art despite earlier diligent search; and
> (c)  Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

This rule, and the deadlines for serving infringement and invalidity contentions, exist for a reason — to provide for the orderly and timely disposition of a case while providing adequate notice to opposing sides of the theories of the case.  Litigation should not be a constantly moving target.  Here, on February 28, 2013, plaintiff served its infringement contentions and on April 15, defendant served its invalidity contentions (Dkt. No. 72).  Now, in December 2013 and January 2014, the parties seek to amend their contentions with less than a month

remaining in fact discovery and when trial is set to begin in May. As stated in the February 2013 case management order, claim construction will be conducted at summary judgment or at trial so the first non-exhaustive example in Rule 3-6 does not apply. The questions therefore are whether the second and third examples in Rule 3-6, or any other relevant circumstances, apply.

### 1. MOTION TO AMEND INVALIDITY CONTENTIONS.

Defendant moves to add the following references: (1) United States Patent No. 5,063,574 (the "Moose" reference); (2) the textbook titled "Understanding Digital Signal Processing" by Richard Lyons (the "Lyons" reference); (3) the textbook titled "Wideband Wireless Digital Communications" by Andreas Molisch (the "Molisch" reference); (4) the product "DISH PVR501"; (5) the product "RCA CA1000"; and (6) United States Patent No. 7,046,805 (the "Fitzhardinge" reference), which was cited in connection with a continuation application of the asserted '608 patent and which, according to defendant, only became relevant in light of plaintiff's claim construction reply brief. Defendant charted 24 references in its original April 2013 invalidity contentions. Now they want to add six more. No good cause has been shown to warrant adding these six references.

*Moose patent*: The Moose reference is a patent issued in 1991, more than ten years before this action commenced. Indeed, the asserted patent on its face cites another patent which cites the Moose reference. A diligent search would have revealed the Moose reference.

*Lyons and Molisch textbooks*: The Lyons and Molisch references are college-level textbooks that have been publicly available since 1997 (Lyons) and 2001 (Molisch). No acceptable explanation has been provided for why defendant failed to discover these well-known textbooks until September 2013 and August 2013, respectively.

*RCA CA1000 and DISH PVR501 products*: According to defendant, the RCA CA1000 is a receiver that has been publicly available since before March 2003. Indeed, six patents marked on the RCA CA1000 are cited on the face of the asserted patent, according to plaintiff (Opp. 8). No acceptable explanation is provided for why defendant only discovered this product in October 2013 or why defendant waited to make this motion. Similarly, the

1  DISH PVR501 is a satellite television receiver that has been in use since before March 2003
2  but not "discovered" by defendant until November 2013 (Hannah Decl. Ex. 1 at 8). No good
3  cause or even an earlier diligent search have been shown to warrant adding these references at
4  this late date.

*Fitzhardinge patent*: Unlike the other references, defendant openly admits that they previously knew about the Fitzhardinge reference, issued in May 2006. Defendant argues that the reference "only became relevant" as plaintiff's claim construction position expanded to cover television and digital transmission (Opp. 2). Plaintiff responds that the asserted patent is directed at broadcast audio transmission, including digital transmission. In any event, the patent local rules in this district are clear. Invalidity contentions must identify "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Rule 3-3(a). The rules do not state that defendants can limit themselves to only references they *believe* are relevant to plaintiff's read of the patent. Defendant could have (and perhaps should have) charted the reference but defendant did not. Defendant must now live with that choice.

Even if defendant was diligent in its prior art search, no acceptable explanation has been provided for why defendant waited, in some cases two months, after it "discovered" the references to move to amend its invalidity contentions. A conclusory and self-serving statement of "diligence" does not suffice.

Indeed, plaintiff argues that it would be unduly prejudicial to allow defendant to add six references less than a month before fact discovery closes. This would amount to rewarding a delay in disclosure now that claim construction briefs are on file, so plaintiff argues. This order finds that no good cause has been shown for defendant's motion to add 20% more references and it would be prejudicial to plaintiff to allow such a late-stage addition to defendant's invalidity theory. Accordingly, defendant's motion to amend its invalidity contentions is **DENIED**.

    **2.**    **MOTION TO AMEND INFRINGEMENT CONTENTIONS.**

Even though trial is set to begin in less than four months time, plaintiff argues that it should be permitted to add the Onyx Plus as an accused product because defendant announced

4

1  the launch of this product in a press release dated November 2013.  The basis for plaintiff's
2  motion is a *public* press release.  This motion was made in January 2014; if that were the only
3  consideration, the motion would not be tardy.

4  There is more, however.  Defendant identifies two documents produced well in advance
5  of the instant motion filed in January 2014, which placed plaintiff on notice of the Onyx Plus.
6  *First*, in May 2013, defendant produced a "Production Inventory Sales Information"
7  spreadsheet (totaling more than 6,800 pages) which disclosed that "the Onyx Plus product's
8  production was to commence in August 2013" (Kobialka Decl. ¶ 2).  *Second*, in October 2013,
9  defendant produced a "product roadmap," dated April 2013 which showed that "the Onyx Plus
10 product was planned to be released in Q3 2013" (*id*. ¶ 3).  Defendant also argues that plaintiff
11 delayed its discovery efforts by scheduling eight defendant witness depositions in January
12 2014, even though defendant offered dates in December (Opp. 4).  Plaintiff responds that it
13 was not realistic to expect it to investigate the "Onyx Plus" when the two documents did not
14 reveal anything about the design or features of the Onyx Plus.  "No existing Onxy product (*i.e.*,
15 Onyx or Onyx EZ) had multi-channel recording capability and nothing, in these or other
16 documents, remotely hinted that the Onyx Plus was different" (Reply. 1–2).

17 This order finds that plaintiff was on notice months ago of Onyx Plus and had
18 reasonable diligence been exercised, plaintiff could have made this motion much earlier.  To
19 allow the amendment at this late date would derail the trial schedule.  Good cause has not been
20 shown to permit plaintiff to add a *new* accused product approximately four months before trial.
21 For efficiency and orderly management of the case, this action will proceed to summary
22 judgment and trial on the existing infringement contentions.  Plaintiff, of course, could file a
23 new action alleging infringement of the Onyx Plus, but this action cannot include the Onyx
24 Plus at this late date before trial.  It would be unduly prejudicial to defendant to add a new
25 product which, even plaintiff observes, "appear[s] to use different components for processing
26 and recording broadcast audio content" (Br. 6).  Accordingly, plaintiff's motion to amend its
27 infringement contentions is **DENIED**.

28

5

**CONCLUSION**

Accordingly, defendant's motion to amend its invalidity contentions is **DENIED**. Plaintiff's motion to amend its infringement contentions is **DENIED**. Plaintiff's motion to modify the scheduling order is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 16, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE